J-A06028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PAMELA MUELLER | : | |
| | : | |
| Appellant | : | No. 1045 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 13, 2019
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-SA-0001201-2018

BEFORE: STABILE, J., KING, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KING, J.: Filed: March 25, 2020

Appellant, Pamela Mueller, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following her bench trial conviction for disorderly conduct, at 18 Pa.C.S.A. § 5503(a)(3). On June 8, 2018, police conducted a traffic stop in Brookhaven Borough. During the course of the stop, Appellant, who was a bystander and not involved with the traffic stop, approached the scene. Appellant stood over the vehicle's occupants, and Officer Hughes asked her to step back. Appellant refused to comply. Officer Hughes asked Appellant to step away from the immediate area, and he told her that she could observe from across the street. Officer Barth arrived, spoke with Appellant, and asked her to move. Appellant began

_____

[*] Former Justice specially assigned to the Superior Court.

to videotape the scene with her cell phone and refused to move. Officer Barth threatened to arrest Appellant if she did not move, and Appellant moved into the intersection and obstructed traffic. Officer Barth asked Appellant to move again. Appellant said: "This is fucking ridiculous." Appellant subsequently walked away and went to work. The police issued a citation, charging Appellant with disorderly conduct at Section 5503(a)(3) (uses obscene language or makes obscene gesture) and (a)(4) (creates hazardous or physically offensive condition by any act which serves no legitimate purpose).

On September 4, 2018, a district magistrate found Appellant guilty of disorderly conduct under subsection (a)(3). Appellant timely filed a summary appeal on September 25, 2018. On March 12, 2019, the court conducted a trial *de novo* and found Appellant not guilty under subsection (a)(4) but guilty under subsection (a)(3). The court initially imposed a $500.00 fine but amended the sentence the next day, reducing the fine to $300.00. Appellant timely appealed on April 8, 2019, and subsequently complied with the court's Pa.R.A.P. 1925(b) order. On appeal, Appellant claims: (1) the Commonwealth presented insufficient evidence to sustain her disorderly conduct conviction; and (2) Appellant's conviction for disorderly conduct violates the First Amendment of the United States Constitution.

> When reviewing a claim that the trial court erred in determining the evidence was sufficient to prove an offense, an appellate court must assess the evidence and all reasonable inferences from that evidence most favorably to the verdict winner. As long as the evidence and inferences provide sufficient information to establish proof beyond a

reasonable doubt, the evidence is sufficient. Further, the Commonwealth can meet its burden of reasonable doubt by means of wholly circumstantial evidence.

***Commonwealth v. Pennix***, 176 A.3d 340, 342-43 (Pa.Super. 2017).

A person is guilty of disorderly conduct under Section 5503(a)(3) if, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [she]…uses obscene language, or makes an obscene gesture." 18 Pa.C.S.A. § 5503(a)(3). Where a person uses profane language or other "angry words" that are not used to describe an act of sex or to appeal to anyone's prurient interest, this Court has found insufficient evidence to sustain a conviction under Section 5503(a)(3). ***See, e.g., Pennix, supra*** (reversing conviction under subsection (a)(3) where appellant became agitated during search of her book bag in courthouse and screamed: "Fuck you I ain't got time for this," "Fuck you police" and "I don't got time for you fucking police"; while appellant's words were disrespectful, insulting and offensive, they were not "obscene" within meaning of Section 5503(a)(3)); ***Commonwealth v. McCoy***, 69 A.3d 658 (Pa.Super. 2013), *appeal denied*, 623 Pa. 761, 83 A.3d 414 (2014) (reversing conviction under subsection (a)(3) where appellant shouted "fuck the police" multiple times during funeral procession for police officer; record showed no evidence that appellant's chant was intended to appeal to anyone's prurient interest or to describe sexual conduct in patently offensive way).

Instantly, the record shows Appellant uttered "this is fucking ridiculous,"

- 3 -

after police had repeatedly asked her to back away from the scene of a traffic stop. Nothing in the record indicates that Appellant intended to describe an act of sex or appeal to anyone's prurient interest. ***See Pennix, supra***; ***McCoy, supra***. The Commonwealth **agrees** the evidence was insufficient to sustain the conviction under Section 5503(a)(3).[1] Accordingly, we reverse Appellant's conviction and vacate the judgment of sentence.[2]

Conviction reversed; judgment of sentence vacated. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/20

---

[1] In light of the Commonwealth's concession in its brief that the evidence was insufficient to sustain Appellant's conviction, we are displeased that defense counsel chose to argue this matter instead of submitting it on the briefs.

[2] Due to our disposition, we do not have to consider Appellant's challenge under the First Amendment.